IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL ERIC COLLIER,

    Plaintiff,                     No. CIV S-11-0370 DAD P

    vs.

ARAMARK FOOD SERVICES,

    Defendant.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $4.44 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified Aramark Food Services and Solano County as the defendants.  In his complaint, plaintiff alleges that the defendants served him and his fellow inmates the same breakfast bars on a daily basis while he was incarcerated at the

3

Solano County Jail.  Plaintiff also alleges that the defendants served jail inmates only one hot meal instead of two.  Finally, plaintiff summarily alleges that Solano County is discriminatory. Plaintiff claims that the named defendants have violated his rights under the Eighth Amendment and the Fourteenth Amendment.  In terms of relief, plaintiff requests monetary damages. (Compl. Attach. 4-5.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). /////

1         Plaintiff is advised that, if he elects to proceed with this action by filing an
2  amended complaint, the Eighth Amendment only requires that plaintiff receive food adequate to
3  maintain his health.  See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  "The Eighth
4  Amendment requires only that prisoners receive food that is adequate to maintain health; it need
5  not be tasty or aesthetically pleasing."  Id.  To the extent that plaintiff wishes to proceed on an
6  Eighth Amendment claim, he will need to allege facts showing that objectively he suffered a
7  sufficiently serious constitutional deprivation and that subjectively each defendant had a culpable
8  state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501
9  U.S. 294, 298-99 (1991).  In this regard, plaintiff will need to allege how the food he received at
10 the jail denied him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman,
11 452 U.S. 337, 347 (1981).

12        To the extent that plaintiff wishes to proceed on a Fourteenth Amendment equal
13 protection claim, he is advised that the Equal Protection Clause "is essentially a direction that all
14 persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living
15 Center, 473 U.S. 432, 439 (1985).  To state a cognizable claim under the Equal Protection
16 Clause, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least
17 susceptible of an inference of discriminatory intent."  Byrd v. Maricopa County Sheriff's Dep't,
18 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District,
19 158 F.3d 1022, 1026 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted
20 at least in part *because of* a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082
21 (9th Cir. 2003) (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404
22 (9th Cir. 1994)).  If plaintiff elects to file an amended complaint, he will need to allege facts
23 clarifying how Solano County or its policies, customs, or practices had the effect of treating him
24 differently from similarly situated inmates.  In his original complaint, plaintiff seems to
25 acknowledge that he and all of his fellow inmates were treated the same in that they all received
26 the same repetitive breakfast bars and cold food.

1          Plaintiff is informed that the court cannot refer to a prior pleading in order to
2  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

9          Accordingly, IT IS HEREBY ORDERED that:

10         1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

11         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12  Plaintiff is assessed an initial partial filing fee of $4.44.  All fees shall be collected and paid in
13  accordance with this court's order to the Director of the California Department of Corrections
14  and Rehabilitation filed concurrently herewith.

15         3. Plaintiff's complaint is dismissed.

16         4. Plaintiff is granted thirty days from the date of service of this order to file an
17  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
18  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
19  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
20  amended complaint in accordance with this order will result in a recommendation that this action
21  be dismissed without prejudice.

22         5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
23  civil rights action.

24  DATED: July 18, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coll0370.14